Geoffrey Y. Parker
LAW OFFICE OF GEOFFREY Y. PARKER
634 K Street
Anchorage, Alaska 99501
907-222-6859
Facsimile: 907-277-2242
gparker@alaska.net; gparker@gci.net
Attorney for Plaintiffs

RECEIVED OCT 0 2 2006 CLERK U.S. DISTRICT COURT ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TROUT UNLIMITED, INC., and ROBERT B. GILLAM,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MARY PETERS, Administrator, Federal Highway Administration, DAVID MILLER, Regional Administrator, Federal Highway Administration,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A05-0077-CV (JWS) |

**PLAINTIFFS' UNOPPOSED MOTION FOR STAY OF PROCEEDINGS
AND STATUS REPORT**

Plaintiffs move for an order staying all proceedings in this case, including pursuant to D. Ak. LR 16.3(b), the filing of an administrative record, an additional three months to and including December 31, 2006. This motion is unopposed.

In support of this motion plaintiffs show:

1.　　　Plaintiffs in their amended complaint allege that defendants have not complied with the National Environmental Policy Act, 42 USC 4321 et seq. (NEPA) and 23 USC 135 with respect road projects on the proposed Cook Inlet to Bristol Bay Corridor in Southwest Alaska. In

particular, plaintiffs allege that defendants improperly segment the Corridor to avoid proper NEPA compliance with respect to the Iliamna – Nondalton road and bridge project by failing to consider cumulative, direct and indirect impacts of other road projects on the Corridor, such as projects on the Williamnsport-Pile Bay Road, and cumulative, direct and indirect impacts of the proposed Pebble Mine, which would be accessed via he Corridor from Williamsport, and via the Iliamna-Nondalton project from the Iliamna Airport.

2.    In June 2005, FHWA pursuant to 23 CFR §771.129(c) requested the State of Alaska to prepare and submit to FHWA for consideration a draft written re-evaluation of whether the environmental assessment (EA) prepared in 2001 for the Iliamna-Nondalton project remains valid. Among other things, FHWA asked the State to address potential connected actions, such as other road projects on the Corridor, and cumulative impacts of the proposed Pebble Mine. See Exhibit 1 to defendants' Answer (Docket Entry No. 9) filed June 30, 2005.

3.    Until recently, the State had not undertaken any effort to prepare such a re-evaluation. The court upon unopposed motions by the defendants has stayed this case while the parties waited to see if the State would undertake re-evaluation and explored options such as dismissal without prejudice in that the event that the state did not do so. The current stay expires September 30, 2006.

4.    Recently, plaintiffs were advised that the State has contracted with a consultant to prepare a draft re-evaluation. When the work will be complete remains unclear. If completed, whether it eventually will be approved by FHWA is unknown. Plaintiffs were advised by the consultant that it has submitted a draft to the State for its review and comment, and that a public

comment period on the State's document is contemplated prior to submission of such a document to FHWA for its consideration.

5.  The parties, through counsel, have consulted about this situation. Counsel seem to agree that a lot of events, particularly related to the proposed Pebble Mine and other road projects in the area, have transpired since the 2001 environmental assessment. However, the parties do not know whether or how the re-evaluation will address those matters. Because there has been progress by the State in initiating the re-evaluation, plaintiffs are reluctant to dismiss without prejudice when they could be back in court soon.

6.  Counsel for defendants has authorized plaintiffs to represent that defendants do not oppose s stay of proceedings through December 31, 2006.

DATED this 2nd day of October 2006.

_____
GEOFFREY Y. PARKER
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY than on this 2nd day of October, 2006, a copy of the foregoing document together with a proposed Order were served by United State mail, first class, postage paid, to the following counsel of record:

Dean Dunsmore

_____
Geoffrey Y. Parker

Pltfs' Motion for Stay                 3